# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| NIZAR MOMIN | ) | |
| | ) | |
| v. | ) | 3-07-CV-889-L |
| | ) | (3-04-CR-289-H) |
| UNITED STATES OF AMERICA | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a § 2255 motion filed by a person convicted and sentenced by this court. It is unclear whether he has commenced the service of his prison sentence..

**Statement of the Case**: Upon his plea of guilty to the offense of conspiracy to commit bank fraud as charged in Count One of the indictment returned in No. 3-04-CR-289-H, Momin was thereafter sentenced on October 13, 2005. He appealed his conviction which was dismissed by the Fifth Circuit. The United States Supreme Court denied his petition for certiorari on January 31, 2007, and he then filed his present motion on May 18, 2007.

**Findings and Conclusions**: In his first ground for relief Momin claims that his retained attorney failed to render effective assistance of counsel because he did not call his wife and acquaintances as character witnesses at his sentencing hearing.[1] The Sixth Amendment right to

---

[1] Attached as exhibits to his memorandum brief are the affidavit of Momin's wife and letters from friends and associates, dated within a couple of months prior to the filing of his §2255 motion (Exhibits D and E).

counsel includes the right to effective assistance at the sentencing hearing. *Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696 (2001); *see also Bell v. Cone,* 535 U.S. 685, 701-02, 122 S.Ct. 1843 (2002). To prevail on an ineffective assistance of counsel claim, a movant must satisfy the two-part test set out in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). First, he must demonstrate that counsel's performance fell below an objective standard of reasonableness. Second, he must prove that he was prejudiced by counsel's substandard performance. In the context of deficient conduct at sentencing, prejudice occurs when the attorney's failure results in any amount of additional prison time. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

Recognizing that there are countless ways to provide effective assistance of counsel in a given case the Court in *Strickland* held that a court must indulge a strong presumption that an attorney acted competently and that every effort must be made to avoid the distorting effects of hindsight. 466 U.S. at 689. Finally, a movant's failure to establish both parts of the two-part *Strickland* test precludes the granting of habeas corpus relief. *Id.* at 697.

The thrust of Momin's argument is that had his attorney presented Mrs. Momin at sentencing and had he presented letters of commendation of a character similar to those in Exhibit E, there is a reasonable probability that he would have received probation or a term of imprisonment of less than 15 months.

Based upon an examination of the record including Movant's attorney's performance at sentencing, it is clear that he has failed to overcome the strong presumption of competence. Counsel was able to negotiate a plea agreement reducing his prison exposure to a maximum of five years. As a part of the negotiated plea he obtained the government's agreement to file a motion for downward departure of the Sentencing Guidelines which were then advisory in light of the Supreme

Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). As a result of Momin's cooperation and the government's motion for downward departure the guideline range of 27 to 33 months imprisonment was reduced to a range of 15 to 21 months.

Despite the fact that Salma Momim was prepared to testify to her husband's honesty and that the letters of others claimed that he was an honest, ethical and moral person, the very heart of the conspiracy consisted of false and fraudulent statements made in an effort to defraud a federally insured financial institution. Rather than presenting the obviously biased and sympathetic opinions of Momin's wife and friends, his counsel called the lead government investigator to testify to his cooperation and forthrightness with the investigation, as a result of which he obtained a sentence at the bottom of the reduced guideline range. Given the magnitude of the offense charged and the presumption that a sentence within the guidelines is reasonable, his assertion that had his attorney presented the court with laudatory letters from friends and his wife's testimony he would have received a shorter sentence that 15 months or probation is no more than wishful speculation on his part. Suffice it to say he can satisfy neither part of the *Strickland* test.

His second ground for relief is in substance a conflation and reiteration of the points of error he presented in his direct appeal. *See* Appellant's brief in No. 05-11200. The government responded with a motion to dismiss the appeal based upon Momin's waiver of his right to appeal, with certain specified exceptions. *See* Plea Agreement filed on January 27, 2005 at ¶ 11, pages 4-5. On July 11, 2006, the Fifth Circuit granted the government's motion to dismiss the appeal. He specifically waived his right to seek habeas corpus relief under § 2255,except with respect to an ineffective assistance of counsel claim, discussed above. Moreover, this ground is nothing more than an assertion that the district court misapplied the Sentencing Guidelines which is not a

cognizable basis for relief in a § 2255 proceeding. *See e.g. United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

**RECOMMENDATION**:

For the reasons set out above the motion should be denied and dismissed.

A copy of this recommendation shall be transmitted to counsel for Movant and for the government.

SIGNED this 26th day of March, 2008.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.