IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NIZAR MOMIN**, | § | |
| | § | |
| Movant, | § | |
| v. | § | Civil Action No. **3:07-CV-0889-L** |
| | § | No. 3:04-CR-289-H |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed March 26, 2008. Movant Nizar Momin ("Momin" or "movant") timely filed objections.

Momin pleaded guilty to conspiracy to commit bank fraud on October 13, 2005. He appealed his conviction, but his appeal was denied by the Fifth Circuit Court of Appeals and the United States Supreme Court subsequently denied his petition for certiorari. Momin filed his present motion on May 18, 2007, alleging two claims for relief: (1) ineffective assistance of counsel, and (2) improper calculation of his offense level pursuant to the United States Sentencing Guidelines.

The magistrate judge found that Momin's motion should be denied and dismissed because his ineffective assistance of counsel claim fails pursuant to the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and because the improper guidelines calculation claim is not a basis for a section 2255 motion. Movant objects to the magistrate judge's report, arguing that his counsel's failure to present favorable character evidence at his sentencing rendered his assistance ineffective. He also refers to the arguments raised in his motion in objecting to the magistrate

**Order – Page 1**

judge's conclusion that his second claim cannot be brought as a section 2255 motion. The court **overrules** movant's objections. The court finds that Momin has failed to overcome the strong presumption of competence and that his counsel's failure to call character witness does not meet either part of the two-part *Strickland* test. The court also determines that Momin's attempt to challenge the court's sentencing calculation is not a basis for a section 2255 proceeding. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.") (internal citation omitted).

The court has reviewed the magistrate judge's report, the record, and the applicable law, and determines that the findings are correct and are therefore **accepted** as those of the court. The court therefore **denies** Momin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**It is so ordered** this 30th day of April, 2008.

Sam A. Lindsay
United States District Judge